[Cite as *State v. Zoubaier*, 2012-Ohio-2888.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26049 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MOHAMED ZOUBAIER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 12 3549 |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2012

BELFANCE, Judge.

{¶1} Mohamed Zoubaier appeals his convictions for kidnapping and having a weapon under disability. For the reasons set forth below, we affirm.

I.

{¶2} A.M.'s car broke down along I-77 early in the morning of July 11, 2009. Mr. Zoubaier stopped to offer her assistance, and a sheriff deputy eventually arrived on the scene as well. Mr. Zoubaier offered to drive A.M. to a local motel, an offer she accepted. The sheriff deputy repeatedly asked A.M. if she was sure that she wanted to go with Mr. Zoubaier, and she said she was. Nevertheless, the sheriff deputy followed Mr. Zoubaier's vehicle to the next exit to ensure A.M. was safe. However, the sheriff deputy did not follow them all the way to the motel.

{¶3} According to A.M., Mr. Zoubaier got her a room and then followed her in. Once inside, he pulled a gun from a bag he was carrying and raped her. After Mr. Zoubaier left, A.M. called the police. Detective Joe Holsopple responded and recognized Mr. Zoubaier as someone

he had seen at a local IHOP in the past and asked officers to look for Mr. Zoubaier there. On October 31, 2009, Sergeant Eric East saw Mr. Zoubaier at the IHOP and took him in for questioning. A search of Mr. Zoubaier's person revealed a gun.

{¶4} Mr. Zoubaier was indicted for rape, kidnapping, carrying a concealed weapon and having a weapon under disability in relation to the events of July 11, 2009. The counts of kidnapping and rape also had underlying firearm specifications. He was also indicted for carrying a concealed weapon and having a weapon under disability on October 31, 2009. Mr. Zoubaier moved to sever the charges related to the July 11, 2009 incident from the October 31, 2009 charges. The trial court denied the motion.

{¶5} A jury acquitted Mr. Zoubaier of rape but found him guilty of kidnapping, the underlying firearm specification, and the two counts of carrying a concealed weapon. The trial court found him guilty of both counts of having a weapon under disability. The trial court merged the carrying a concealed weapon counts with the having a weapon under disability counts for the purposes of sentencing and sentenced Mr. Zoubaier to an aggregate prison term of 17 years.

{¶6} Mr. Zoubaier has appealed, raising three assignments of error for review. We have rearranged his assignments of error for ease of discussion.

II.

ASSIGNMENT OF ERROR III

THE COURT ERRED IN FAILING TO SEVER THE COUNTS AND GRANT RELIEF FROM PREJUDICIAL JOINDER OF OFFENSES.

{¶7} In Mr. Zoubaier's third assignment of error, he argues that the trial court should have severed the July 11, 2009 charges from the October 31, 2009 charges. We disagree.

**Joinder**

**{¶8}** Crim.R. 8(A) provides:

Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

**{¶9}** Mr. Zoubaier initially suggests that joinder was improper because the October offenses occurred three months after the July offenses. However, he has not developed any argument nor cited any authority in support. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998).

**{¶10}** Mr. Zoubaier also argues that the charges from July 11, 2009, and October 31, 2009, are not crimes of similar character. Specifically, he points to the charges of kidnapping and rape from July 11, 2009, and the concealed weapon and having a weapon under disability charges from October 31, 2009. However, this argument ignores the fact that he was also charged with carrying a concealed weapon and having a weapon under disability on July 11, 2009. Not only are they crimes a "similar character," they are the same crime. *See* Crim.R. 8(A). Accordingly, we cannot say that the charges were improperly joined under Crim.R. 8(A).

**Severance**

**{¶11}** "If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, * * * the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires." Crim.R. 14. To prevail on a motion to sever, a defendant has the burden of demonstrating three facts:

(1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3)

that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial.

*State v. Schaim*, 65 Ohio St.3d 51, 59.

{¶12} We first examine Mr. Zoubaier's claim of prejudice. "When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." *Id*. Mr. Zoubaier argues that, "if [he] was tried separately[,] the events of the two separate days would not have been admissible since the charges were distinctly different." However, he does not explain why this would be true. *See Cardone*, 1998 WL 224934, *8; *see also* App.R. 16(A)(7). Regardless, A.M. alleged that Mr. Zoubaier threatened her with a gun. Thus, the State would have been able to ask A.M. about Mr. Zoubaier's gun and, depending upon her answers, possibly introduce the gun into evidence. Of course, to do so, the State would have to link the gun to Mr. Zoubaier, which would require some testimony about the events of October 31, 2009. Therefore, the fact that Mr. Zoubaier was carrying a weapon on October 31, 2009, would have been admissible in a separate trial for the crimes of July 11, 2009.

{¶13} Turning to the October 31, 2009 charges, we again note that he has not developed any specific argument in support of severance. *See* App.R. 16(A)(7); *see also Cardone* at * 8. However, while it is unlikely that the July 11, 2009 events at the motel would be admissible as evidence in a separate trial concerning the October 31, 2009 charges, the evidence concerning the October 31, 2009 charges is simple and distinct from the evidence of the events at the motel. Sergeant East testified that, when he took Mr. Zoubaier in for questioning, he discovered a gun in Mr. Zoubaier's waistband. There is little chance that the jury was unable to keep Sergeant

East's testimony about the events of October 31, 2009, separate from the evidence related to the events of July 11, 2009.

{¶14} Mr. Zoubaier has not demonstrated that he suffered any prejudice from the charges being tried together. Accordingly, his third assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE COURT ERRED IN PERMITTING THE INTRODUCTION OF A PRIOR FELONY CONVICTION TO THE JURY.

ASSIGNMENT OF ERROR II

THE COURT ERRED IN PERMITTING THE PROSECUTION TO INTRODUCE A PRIOR FELONY INDICTMENT, FELONY CONVICTION AND REFERENCE TO APPELLANT BEING A FELON.

{¶15} In Mr. Zoubaier's first two assignments of error, he argues that evidence of his conviction for aggravated assault was impermissibly introduced into evidence. He argues that, because he waived his right to a jury trial on the counts of having a weapon under disability, the evidence of his prior conviction was irrelevant to the charges to be decided by the jury.

{¶16} Specifically, Mr. Zoubaier points to the testimony of Detective Holsopple, the certified judgment entry of his conviction, and a video recording of Detective Holsopple interviewing him in which Mr. Zoubaier apparently admits that he should not have the weapon because of a prior felony conviction. We say apparently because the recording is not in the record on appeal. Nor are any of the exhibits or the motion to suppress/motion in limine that Mr. Zoubaier's counsel apparently made to prevent the introduction of the video prior to Detective Holsopple testifying. Because the record is not complete, we are unable to determine whether, if any error occurred, it affected Mr. Zoubaier's substantial rights because we are unable to review all of the evidence. *See* Crim.R. 52(A). In the absence of a complete record, we must presume regularity in the proceedings below. *State v. Morris*, 9th Dist. No. 25519, 2011-Ohio-6594, ¶ 5.

{¶17} However, while we must presume regularity, we note that Mr. Zoubaier did not object to the admission of the video tape at the time the State introduced it. *See State v. Echard*, 9th Dist. No. 24643, 2009-Ohio-6616, ¶ 4 (Generally, "a motion in limine is interlocutory in nature and does not preserve an evidentiary issue for appellate review in the absence of objection when the issue arises at trial."). It also appears that the certified judgment entry was not submitted to the jury for its consideration, and, furthermore, the trial court instructed the jurors, "Evidence of [Mr. Zoubaier's] criminal history was allowed for the purposes of the Court's findings[, and] [y]ou may not consider it for any reason." A jury is presumed to follow the trial court's instructions, and Mr. Zoubaier has not pointed to anything in the record that indicates that the jury failed to do so. *See State v. Garner*, 74 Ohio St.3d 49, 59 (1995).

{¶18} Mr. Zoubaier's first and second assignments of error are overruled.

III.

{¶19} Mr. Zoubaier's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

DICKINSON, J.
CONCURS.

APPEARANCES:

JOSEPH A. DUBYAK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.